UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>MATHIAS DOUGLAS KANE,<br><br>                    Defendants. | Case No. MJ20-5054-BHS-TLF<br><br>REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS<br><br>**Noted for: June 26, 2020** |

Before the Court is defendant Mathias Douglas Kane's Motion to Dismiss for Lack of Indictment, within the time allowed by the Speedy Trial Act. 18 U.S.C. § 3161(b), § 3162. Dkt. 31. Having reviewed the motion and the government's Response (Dkt. 29), the Court finds that 60 non-excludable days have not passed under the Speedy Trial Act and therefore DENIES Defendant's motion.

BACKGROUND

In light of the global COVID-19 pandemic, the Honorable Chief United States District Court Judge Ricardo Martinez entered Western District of Washington General Order 01-20 on March 6, 2020. This Order continued all in-person court proceedings, including grand jury proceedings, pending further order of the Court, to mitigate the potential spread of the COVID-19 virus. The seriousness of the public health crisis (as documented in Mr. Kane's case, see Dkt. 20, Proclamation of Governor Inslee No. 20-14, and Dkt. 27, Amended Detention Order, at 2-4, by proclamations and stay-at-home

orders of Washington Governor Jay Inslee, and the statewide disaster declaration issued on March 23, 2020 – that the COVID-19 pandemic had become a disaster in Washington State beginning on January 20, 2020, issued by the United States Government) has continued, and the spread of COVID-19 caused illness and death in the Western District of Washington. The General Order 01-20 provided that "the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. §3161(h)(7)(A)."

On March 17, 2020, Chief Judge Martinez issued General Order 02-20, which extended the continuance of all in-court proceedings, including grand jury proceedings, until June 1, 2020.

On April 13, 2020, Chief Judge Martinez entered General Order 07-20, which continued "[a]ll grand jury proceedings . . . scheduled to occur before July 1, 2020" for an additional 30 days, again due to the health concerns raised by the COVID-19 pandemic. General Order 07-20 further provides that "the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. §3161(h)(7)(A)."

On May 13, 2020, Chief Judge Martinez entered General Order 08-20, which ordered that "[a]ll grand jury proceedings, as well as civil and criminal in-person hearings and trial dates in these Courthouses scheduled to occur before August 3, 2020

are continued pending further order of the Court." The General Order 08-20 found that public health conditions in Washington, and particularly in Pierce and King Counties, had not yet improved to the point where the Court could safely open for hearings, and the Court would not be able to schedule in-person court proceedings in July. The General Order also determined that the other General Orders addressing particular COVID-19 issues had not expired and reserved the possibility of further continuances if the Western District should experience new COVID-19 outbreaks. The General Order found that continuances authorized by this order are excludable from the Speedy Trial Act under 18 U.S.C. §3161(h)(7)(A).

On March 13, 2020, Mr. Kane was charged with the offenses of Cyberstalking and Interstate Threats by Complaint. Dkt. 8. Mr. Kane was arrested in connection with these offenses on March 16, 2020 and made his initial appearance before this court on March 17, 2020. Dkt. 9. On March 20, 2020, he was ordered detained following a detention hearing. Dkt. 14, Minute Entry of Hearing; Dkt. 20, 27, Detention Order, and Amended Detention Order.

On March 25, 2020, the government filed a motion seeking to extend the time for indictment in light of General Orders 01-20 and 02-20. On April 3, 2020, the Court granted the government's motion to extend the time to seek an indictment until at least June 4, 2020. Dkt. 28.

On April 17, 2020, the Court held a status hearing and preliminary examination of the defendant via the WebEx videoconferencing software. Dkt. 30. The defendant did not consent to appear by video, and defendant's counsel objected to the extension of time for indictment. The Court *sua sponte* extended both the Speedy Indictment

1  deadline and Speedy Trial time to July 15, 2020, "as the ends of justice require it per

2  COVID-19 and General Order 07-20." The Court extended the preliminary hearing date

3  per General Order 07-20, to July 7, 2020. Dkt. 30.

4      On May 28, 2020, defendant's counsel filed this Motion, requesting that the

5  Complaint be dismissed, asserting that 70 days had passed since defendant's arrest.

6      The government filed a response, arguing that the Court's prior orders properly

7  extended the indictment deadline, per the requirements of the "ends of justice" in 18

8  U.S.C. §3161(h)(7)(A).

9  DISCUSSION

10      The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, sets specific time limits in which

11  federal criminal cases are to be charged and tried. "Any information or indictment

12  charging an individual with the commission of an offense shall be filed within thirty days

13  from the date on which such individual was arrested or served with a summons in

14  connection with such charges." 18 U.S.C. § 3161(b). "If an individual has been charged

15  with a felony in a district in which no grand jury has been in session during such thirty-

16  day period, the period of time for filing of the indictment shall be extended an additional

17  thirty days." *Id.*

18      These are strict time limits: If the government fails to indict a defendant within this

19  30- or 60-day period, the charges against that defendant must be dismissed. 18 U.S.C.

20  § 3162(a)(1). Whether the case should be dismissed with or without prejudice depends

21  on the court's consideration of (1) the seriousness of the offense; (2) the facts and

22  circumstances of the case which led to the dismissal; (3) the impact of a reprosecution

23  on the administration of the Speedy Trial Act and on the administration of justice; and

24

25

(4) other factors the court may incorporate into its reasoning. *Id.* The defendant bears the burden of showing a violation of the Speedy Trial Act. *See United States v. Medina*, 524 F.3d 974, 980 (9th Cir. 2008).

The Act enumerates specific situations in which periods of delay shall be excluded from the calculation of time within which an information or indictment must be filed. 18 U.S.C. § 3161(h). Delay resulting from the filing and disposition of any pre-trial motion shall be excluded from the 30-day computation.18 U.S.C. § 3161(h)(1)(D).

At issue in this motion is Section 3161(h)(7), which permits the exclusion of "any period of delay" resulting from a continuance granted to further the ends of justice. An "ends of justice" continuance may be granted either at a party's request or on the Court's own motion, but the Court's order of continuance must state the specific "reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

An "ends of justice" continuance may be of flexible length, but it is not to be indefinite. *U.S. v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990); *U.S. v. Pollock*, 726 F.2d 1456, 1461 (9th Cir. 1984). "'[A]n 'ends of justice' exclusion must be (1) 'specifically limited in time' and (2) 'justified [on the record] with reference to the facts as of the time the delay is ordered.'" *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000) (citations omitted). Among other factors, the Court must consider whether a failure to grant a continuance would "make a continuation of such proceeding impossible, or result in a miscarriage of justice" (18 U.S.C. § 3161(h)(7)(B)(ii)); whether it is unreasonable to expect adequate preparation for pretrial proceedings (18 U.S.C. §

3161(h)(7)(B)(ii)); whether delay in the filing of an indictment is caused by circumstances making the timely return and filing of the indictment in 30 days "unreasonable" (18 U.S.C. § 3161(h)(7)(B)(iii)); and whether the failure to grant a continuance would detrimentally harm counsels' ability to prepare and present the case for trial (18 U.S.C. § 3161(g)(7)(B)(iv)).

The Ninth Circuit has previously recognized that a natural disaster, *i.e.*, the volcanic eruption of Mount St. Helens, provided a basis for "ends of justice" continuances of Speedy Trial Act deadlines. *Furlow v. United States*, 644 F.2d 764, 768. Other extreme circumstances of public emergency may also justify continuances. *See United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (9/11 terrorist attacks); *United States v. Scott*, 245 Fed. App'x 391, 394 (5th Cir. 2007) (Hurricane Katrina); *United States v. Sánchez-Senda*, No. 2:17-cr-00529, WL 1737615, at *1 (D. P.R. 2018) (Hurricane María).

The national scope of the COVID-19 emergency has closed many district courts to the public since March, pushing courts to invoke the "ends of justice" exclusion to preserve the normal progression of their criminal dockets. *See, e.g.*, *United States v. Carrilllo-Villa*, 20 Mag. 30173, 2020 WL 1644773, 3073 (S.D.N.Y. April 2, 2020); *United States v. Lev*, Magistrate No. 17-3195, 20202 WL 2615477 (D.N.J. May 22, 2020); *United States v. Kemprud*, Case No. 2:19-CR-00218-MCE, 2020 WL 2836784 (E.D. Cal. June 1, 2020). While the circumstances of a global pandemic broadly affect all federal district courts, the Court may not assume that the ends of justice are uniformly served by a policy of "coronavirus continuances" to consistently outweigh the speedy trial rights of criminal defendants. "Because Section 3161(h)(7)(A) requires this

balancing to be case-specific, the Court cannot find that considerations surrounding COVID-19's impact on public safety and this Court's operations will, in every case, outweigh the best interest of the defendant and the public in a speedy trial." *United States v. Harris*, No. 2:20-cr-00049, 2020 WL 2539321, at *3 (E.D. Ca. May 19, 2020).

In cases presenting the impact of the COVID-19 pandemic as a reason to grant a continuance, the undersigned finds the guidance of the District Court in *Harris, supra*, instructive and considers the following factors, in addition to those defined by Section 3161(h)(7)(B):

- Whether the defendant is detained pending trial;
- Whether COVID-19 is present in the facility where the defendant is detained (and if so, whether the defendant belongs to a population that is particularly susceptible to the virus);
- Whether the court can safely conduct a jury trial;
- Whether the defendant has invoked his speedy trial rights since the cases inception;
- How long the defendant has been detained;
- Whether the defendant is charged with a violent crime or has a history of violent crime;
- Whether the defendant was denied bail solely because of the risk of nonappearance; and
- Whether there is a specific reason to suspect recidivism if charges are dismissed.

*Harris*, 2020 WL 2539321, at *3.

In the present case, the 30-day statutory period began when Mr. Kane was arrested in connection with the present offenses on March 16, 2020. *See* Dkt. 9. Nine days elapsed until March 25, 2020, when the government filed its motion for continuance. The Court has since continued the deadline for the defendant's indictment

1  twice: first, it excluded 50 days from the computation of the Speedy Trial clock between
2  March 25, 2020 and May 14, 2020. Dkt. 28. Then, because the last grand jury
3  indictment in this district was returned on March 4, 2020, and none was convened in the
4  30 days following the defendant's arrest, the 30-day limitation on indictment was
5  extended to 60 days. 18 U.S.C. § 3161(b). Accordingly, the Court excluded an
6  additional 11 days between May 14, 2020 and May 25, 2020, continuing the deadline
7  for indictment to July 15, 2020. Dkt. 30.

8      The length of delay in this case is therefore easily computed: If the Court's orders
9  to continue the indictment deadline are justified, then the Speedy Trial Act clock has
10 been tolled since March 25, 2020 and only nine non-excludable days have passed since
11 the defendant was arrested. If not, then the deadline to indict Mr. Kane expired on May
12 24, 2020, 51 days after the Court disposed of the government's motion to continue the
13 deadline on April 3, 2020. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding delay from the
14 reasonably speedy disposition of any pre-trial motion).

15     The Court first found in a written order that the national emergency precipitated
16 by the COVID-19 pandemic constituted "extraordinary circumstances" that easily
17 satisfied the standard of the "ends of justice" as contemplated by the Speedy Trial Act.
18 Dkt. 28, at 4 (citing *United States v. Gurary*, 793 F.2d 468, 473 (2d Cir. 1986). The
19 Court referred to General Order 04-20's suspension of grand jury proceedings and
20 found that "[i]n light of the fact that there is no realistic scenario under which a grand
21 jury can be convened until at least the first week of June, the Court finds that the ends
22 of justice served by excluding a 50-day period from the speedy trial calculation outweigh
23 the best interest of the public and the defendant in a speedy trial." Dkt. 28.

24
25

NOTED FOR: JUNE 26, 2020 - 8

The Court's orally delivered order on April 17, 2020 referred to General Order 07-20 (issued 4 days prior) and the ongoing pandemic to find that the ends of justice were again better served by continuance. Dkt. 30 (Docket Entry Notes). In both instances, the Court provided specific reasoning in line with the factual circumstances of the public health emergency, to support its finding that the defendant's right to a speedy indictment and trial has been outweighed by the ends of justice served by a limited period of delay. The Court's opinion considered whether the failure to grant an "ends of justice" continuance "would be likely to make a continuation of [the] proceeding impossible, or result in a miscarriage of justice," and found that the closure of in-court proceedings and suspension of grand juries met the statutory factor of impossibility. *See* Dkt. 28; 18 U.S.C. § 3161(h)(7)(B)(i). If the defendant's speedy trial clock were permitted to run out and the charges against him dismissed, indicting the defendant later might prove overly difficult, since federal grand juries have yet to safely resume convening. In conjunction with the Court's discussion of the "other factors" present in COVID-19's impact on public safety and the Court's operations and adoption of the reasoning given in Chief District Judge Martinez's General Order, both continuances in this case have been granted in line with the balancing requirements of Section 3161(h). *See* 18 U.S.C. § 3161(h)(7)(B).

Mr. Kane argues[1] that the Speedy Trial Act requires an individualized finding regarding the ends of justice and the Court made no case-specific reasons for the

---

[1] Mr. Kane's Motion to Dismiss includes a reference to his Sixth Amendment constitutional right to a speedy trial, and his Reply to the government's Response urges the Court to consider the factors laid out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Dkt. 31, at 2; Dkt. 33, at 2-3. The Court finds the *Barker* analysis inapposite to the case at hand, as the constitutional right to a speedy trial does not attach to pre-indictment delay. *See Johnson v. Lewis*, No. 88-15442, 1989 U.S. App. LEXIS 23900 at *4 (9th Cir. 1989) (unpublished) (citing *United States v. Marion*, 404 U.S. 307, 313 (1971) ("The Sixth Amendment speedy

continuance in his case. Dkt. 31, at 5-6. This argument that the Court must consider individual factors specific to each defendant misstates the standard, which requires the Court to include specific factual findings, as related to present circumstances, in its reasoning. *See Ramirez-Cortez*, 213 F.3d at 1154. Mr. Kane argues that the Court's reference to the suspension of jury proceedings by the General Orders creates a "generalized institutional delay" which fails the requirements of the Speedy Trial Act. Dkt. 31, at 5.

This argument overlooks the provisional nature of Chief District Judge Martinez's General Orders regarding the COVID-19 crisis, which have hewed to the facts of the current state of the pandemic in Washington State. Because of their adherence to facts at the time of their issuance, the Court may reasonably rely on the General Orders without concern that it is improperly applying a "blanket order" in the face of the COVID-19 emergency. *See Lev*, 20202 WL 2615477 at *3; *Kemprud*, WL 2836784 at * 3. The currently projected 61-day exclusion of delay is well-supported by the impact of the COVID-19 pandemic on the safety and feasibility of conducting in-person proceedings, outweighing the best interests of the defendant to a speedy indictment.

---

trial provision has no application until the putative defendant in some way becomes an 'accused'"—that is, on indictment.)

Mr. Kane's constitutional right to a speedy indictment lies in the due process protections afforded to him by the Fifth Amendment, which must be analyzed under a two-pronged test (1) examining whether he has been actually prejudiced by the pre-indictment delay, and (2) balancing the length of the pre-indictment delay against the reason for that delay. *United States v. Moran*, 759 F.2d 777, 782 (9th Cir.1985) (setting forth the two-pronged test). The defendant has a heavy burden to show actual prejudice by definite, non-speculative proof. *Id.* Since the defendant has not briefed the court on prejudice beyond the vague assertion that his pre-indictment detention causes him anxiety (Dkt. 33, at 3), the Court should decline to pursue this analysis further and abstain from the due process issue on this motion.

1    Yet a review of factors more specific to Mr. Kane also supports the granting of
2 the two continuances in this case. Considering the relative risk to the defendant and the
3 public, posed by COVID-19 – the defendant has been detained at FDC SeaTac since
4 his arrest on March 16, 2020 -- no current cases of the novel coronavirus have been
5 reported at the facility. *See* Federal Bureau of Prisons, COVID -19 Coronavirus,
6 https://www.bop.gov/coronavirus/index.jsp. Newly reported cases each day in the
7 counties of the Western District, however, continue to make in-court proceedings a
8 danger to the public. *See* Washington State Department of Health, COVID-19 Data
9 Dashboard, https://www.doh.wa.gov/Emergencies/NovelCoronavirusOutbreak2020COV
10 ID19/DataDashboard. The Court finds that it will likely not be able to safely convene a
11 grand jury until early August, in accordance with General Order 08-20.
12    The Court ordered the defendant detained after finding that the defendant posed
13 a serious risk of acting on the threats underlying the present charge, based on
14 statements indicating his access and willingness to use firearms, along with his history
15 of a prior conviction of a felony charge of failure to comply with an anti-harassment court
16 order. Dkt. 27, at 7. Mr. Kane was arrested a day after he had communicated over text
17 to his daughter his plan to flee with her from Washington State in violation of a court's
18 orders in custody proceedings. *Id.* The defendant's documented disrespect for court
19 orders indicates a high risk of recidivism should the charges against him be dismissed.
20 Although Mr. Kane has swiftly asserted his speedy trial rights, the balance of factors
21 strongly favors the issuance of continuances in his case.
22    Mr. Kane also argues grand jury proceedings are, in fact, not so infeasible as the
23 Court has found. The defendant suggests that the Court might convene a grand jury

remotely, in the same manner as the Court has been conducting preliminary hearings. Dkt. 31, at 7. Mr. Kane proposes that Web-Ex videoconferencing technology could provide an alternative to convening a grand jury in person. He also indicates that in-court proceedings have resumed in other federal districts. Dkt. 31, at 7 (referring to the Northern District of Ohio and the District of Nevada).

Congress has authorized the Chief Judge to provide for preliminary hearings to be conducted by videoconference during the COVID-19 pandemic. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L116-136, §15002(b)(1)(C), 134 Stat 281 (Mar. 27, 2020) ("CARES Act"). But the CARES Act includes no provision to permit a grand jury proceeding to be conducted remotely. Grand jury proceedings are distinguishable from preliminary hearings by their secrecy, which is strictly guarded by the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 6(e) (defining the exclusive list of those who are bound not to disclose the matters before the grand jury). The Court finds that without Congressional authorization to depart from the established procedures in favor of remote proceedings, there is no justification for the Court to convene grand juries by video, where neither secrecy nor limitations on who may be present at the proceedings could be reasonably assured. *See* Fed. R. Crim. P. 6(d).

The fact that other jurisdictions have resumed in-person grand jury proceedings has no bearing on the circumstances in this district that continue to proscribe large in-person gatherings for the sake of public health. When this Court issued the most recent continuance in this case, Pierce and King Counties were still experiencing elevated rates of community spread of the virus and were still in Phase 1 of Governor Inslee's Safe Start phased reopening plan. As of this writing, Pierce County is in Phase 2 and

King County has entered Phase 1.5—thus even now social gatherings of more than 5 people are restricted in the counties where the two Western District Courthouses are located.

General Order 08-20 found that the resumption of court operations was not compatible with existing social distancing and other public health restrictions—and that finding will be unlikely to change while the counties of the Western District remain in Phases 1 and 2 of the Safe Start plan. The Governor has provided Phase 2 guidance for some limited in-person professional services between attorneys and clients to resume with a minimum of 6 feet of separation between all gathered, as well as religious organizations to hold indoor services with the lesser of 25% capacity or 50 individuals. Yet these public health restrictions remain incompatible with convening a grand jury, given its requirements of proximity between numerous individuals.

Because the two continuances issued in this case are permitted by the Speedy Trial Act, the computation of delay has been stopped since March 25, 2020 when the government filed its motion to continue the indictment. *See* 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7). Consequently, 9 days of non-excluded delay have elapsed since Mr. Kane's indictment, and 51 days remain before the complaint should be dismissed for failure to indict the defendant.

In consideration of all the factors examined above, the undersigned finds that all factors regarding the current situation of the COVID-19 pandemic in the Western District of Washington further favors the issuance of a third continuation of the deadline to file an indictment. In keeping with the Chief District Judge's General Order 08-02, the undersigned recommends that an additional period of 33 days be excluded from the

computation of the Speedy Trial Act clock and the deadline to file an indictment be continued to August 17, 2020.

## CONCLUSION

For the foregoing reasons, the Court should DENY the defendant's motion and decline to dismiss the complaint. The Court should issue a third continuance, on the basis that the ends of justice served by such continuance are better served than the best interests of the public, and the defendant in a speedy trial and continue the deadline of indictment to **August 17, 2020**.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **June 26, 2020,** as noted in the caption.

Dated this 9th day of June, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge