1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATHIAS DOUGLAS KANE,<br><br>    Defendant. | CASE NO. CR20-5271 BHS<br>         MJ20-5054 BHS-TLF<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION AND<br>DENYING MOTION TO DISMISS |

13  This matter comes before the Court on the Report and Recommendation ("R&R")

14 of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 34, and

15 Defendant Mathias Kane's ("Kane") objections to the R&R, Dkt. 46.

16             **I.    Background and Procedural History**

17  Kane seeks dismissal of the charges against him, arguing that, as of the time he

18 filed his motion, he had not been indicted within the time allowed by the Speedy Trial

19 Act, 18 U.S.C. § 3162 and the Sixth Amendment. Dkt. 31.

20  Kane was arrested on charges of cyberstalking and interstate threats on March 16,

21 2020 and was ordered detained following a hearing on March 20, 2020. Dkt. 14. On

22 April 3, 2020, Magistrate Judge J. Richard Creatura granted the government's motion to

extend the time for indictment, and on April 17, 2020 *sua sponte* extended the deadline a second time. Dkts. 28, 30. On June 29, 2020, this Court entered an additional *sua sponte* extension, until August 17, 2020. Dkt. 43.

Each of the continuances was necessitated by the General Orders of this Court, which closed the courthouse and (among other things) continued all grand jury proceedings, due to the health and safety concerns posed by the ongoing Covid-19 pandemic. General Orders 01-20, 02-20, 07-20, 08-20. Each General Order finds that the ends of justice served by the continuances required by the suspension of jury proceedings outweigh the best interests and any defendant's right to a speedy trial; accordingly, each General Order provides that the continuances it authorizes are excludable from the speedy trial act under 18 U.S.C. §3161(h)(7)(A). *Id*. The continuances granted in this case incorporated the findings of the General Orders and made specific determinations that the ends of justice required the extensions. Dkts. 28, 30, 43.

Kane filed his motion to dismiss on May 28, 2020; on June 4, 2020, the government responded, and Kane filed a reply on June 5, 2020. Dkts. 31, 32, 33. Judge Fricke issued the R&R recommending denial of Kane's motion on June 9, 2020. Dkt. 34. The Court granted an extension of time for Kane to file his objections, Dkt. 41, and he filed them on July 13, 2020. Dkt. 46. On July 31, 2020, the Court issued an order requesting a response from the government and requesting that the government (and Kane, if he so desired) address the resumption of grand jury proceedings in late July,

2020. Dkt. 47. The government responded on August 3, 2020. Dkt. 48. Kane did not respond. Kane was indicted on August 6, 2020. Dkt. 49.

## II.  Discussion

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Fricke's analysis and agrees that the continuances in this case were required to further the ends of justice and do not violate the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. *See Furlow v. United States,* 644 F.2d 764, 768 (9th Cir. 1981) (ends of justice continuance justified by natural disaster preventing trial). In addition, the Court notes that Kane was indicted on August 6, 2020. Dkt. 49. There was a delay of less than five months between Kane's arrest and his indictment which—in addition to having been properly excluded under the Speedy Trial Act—is insufficient to trigger a Sixth Amendment violation. *See United States v. Turner,* 926 F.2d 883, 889 (9th Cir.1991) (four-month delay in indictment was insufficient to trigger a Sixth Amendment speedy trial inquiry); *United States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir. 1986) (six month delay was a "borderline case"). Accordingly, the Court adopts Judge Fricke's recommendation that Kane's motion be denied.

### III.   Order

The Court having considered the R&R, Plaintiff's objections, the government's response and the remaining record, does hereby find and order as follows:

(1)   The R&R is **ADOPTED**; and

(2)   Kane's motion to dismiss is **DENIED**;

Dated this 18th day of August, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge